9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abed Ashoor AJEEL, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Oct. 14, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Abed Ashoor Ajeel petitions for review of an order of the Board of Immigration Appeals (BIA). Ajeel argues that the BIA erred in denying his motion for remand to the immigration judge (IJ) and in affirming the decision of the IJ that he is not eligible for political asylum or withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 4
 * Ajeel first argues that the BIA erred by denying his motion for remand to the IJ to apply for suspension of deportation under § 244(a)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a)(1). He contends that the BIA failed to properly consider certain evidence which he submitted in support of the motion.
 
 
 5
 The requirements of a motion for remand are essentially the same as those of a motion to reopen a deportation proceeding. Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987). The INS may deny a motion to reopen a deportation proceeding if an alien has "fail[ed] to establish a prima facie case for the relief sought." INS v. Doherty, --- U.S. ----, 112 S.Ct. 719, 725 (1992). Denial of a motion to reopen under such circumstances is reviewed for abuse of discretion. Id.
 
 
 6
 As part of a prima facie case under § 244(a)(1), an alien "must allege and support by affidavit or other evidentiary material that ... the deportation would result in extreme hardship to him or to his spouse, parent, or child who is a citizen or lawful permanent resident." Limsico v. INS, 951 F.2d 210, 213 (9th Cir.1991). We hold that the BIA did not abuse its discretion in concluding that Ajeel had failed to submit evidence establishing extreme hardship to himself, his wife, or his child, as required under § 244(a)(1). See Ahwazi v. INS, 751 F.2d 1120, 1123 (9th Cir.1985) (denial of motions to reopen based on recent marriages to United States citizens proper where petitioners "offered no further new evidence suggesting why the BIA should exercise its discretion to adjust their status"). In reaching its conclusion, the BIA properly considered the evidence presented to the immigration judge and to the BIA on appeal.
 
 II
 
 7
 Ajeel also argues that the BIA erred in affirming the decision of the IJ that he is not eligible for political asylum under § 208(a) of the INA, 8 U.S.C. § 1158(a), or withholding of deportation under § 243(h)(1) of the INA, 8 U.S.C. § 1253(h)(1). An alien must demonstrate "a well-founded fear of persecution" to qualify for asylum under § 208(a) or a "clear probability of persecution" to qualify for withholding under § 243(h)(1). Florez-de Solis v. INS, 796 F.2d 330, 333 (9th Cir.1986). The BIA's determination whether an alien has satisfied these requirements is reviewed under the substantial evidence standard. Id. In view of the substantial lack of evidence that Ajeel would be persecuted by the Iraqi government, and the evidence that he might also safely return to Kuwait, where his family resides, we conclude that the BIA's affirmance of the IJ is supported by substantial evidence in the record.
 
 
 8
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge, District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3